UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
ALEXANDER CARVALHO, et al.,    DECLARATION OF
                               GIDEON ORION OLIVER
                Plaintiffs,

       -v-             13-cv-4174 (PKC)(SN)

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------------

## DECLARATION OF GIDEON ORION OLIVER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GIDEON OLIVER, for his declaration pursuant to 18 USC 1746, states as follows:

1.  I make this Declaration in support of plaintiffs' opposition to defendants' motion for summary judgment (Dkts. Nos. 181-184).

2.  I hereby request that the Court amend the caption to reflect the lead plaintiff's correctly spelled last name: Carvalho. The unfortunate misspelling of Mr. Carvalho's last name in the Complaint regrettably survived the first amendment.

3.  Additionally, Plaintiffs will no longer pursue this action as against Nichole Papamichael in light of discovery developed about her role in the incident after the First Amended Complaint (Dkt. No. 20) (the "FAC") was filed.

4.  Attached as Exhibit A is a true copy of the Notice of Claim dated and served June 14, 2012 on behalf of Plaintiff Alexandre Carvalho (the "Carvalho NOC").

5.  Attached as Exhibit B is a true copy of the Notice of Claim dated April 23, 2012 and served June 14, 2012 on behalf of Plaintiff Sergio Castillo (the "Castillo NOC").

6. Attached as Exhibit C is a true copy of the Notice of Claim dated and served June 14, 2012 on behalf of Plaintiff Daniel Greenspan (the "Greenspan NOC").

7. Attached as Exhibit D is a true copy of the Notice of Claim dated June 13, 2012 and served June 14, 2012 on behalf of Plaintiff Austin Guest (the "Guest NOC").

8. Attached as Exhibit E is a true copy of the Notice of Claim dated June 13, 2012 and served June 14, 2012 on behalf of Plaintiff Thomas Hintze (the "Hintze NOC").

9. Attached as Exhibit F is a true copy of the Notice of Claim dated April 23, 2012 and served June 14, 2012 on behalf of Plaintiff Joseph Sharkey (the "Sharkey NOC").

10. Attached as Exhibit G is a true copy of the Notice of Claim dated June 13, 2012 and served June 14, 2012 on behalf of Plaintiff Easton Smith (the "Smith NOC").

11. Attached as Exhibit H is a true copy of the Notice of Claim dated and served June 14, 2012 on behalf of Plaintiff Jennifer Waller (the "Waller NOC").

12. Attached as Exhibit I is a true copy of the Notice of Claim dated April 23, 2012 and served June 14, 2012 on behalf of former Plaintiff[1] Eric Carter (the "Carter NOC").

13. Attached as Exhibit J are true copies of relevant portions of the transcript of the December 6, 2012 50-h hearing of Sergio Castillo (the "Castillo 50-h").

14. Attached as Exhibit K are true copies of relevant portions of the transcript of the December 6, 2012 50-h hearing of Austin Guest (the "Guest 50-h").

15. Attached as Exhibit L are true copies of relevant portions of the transcript of the April 15, 2013 50-h hearing of Thomas Hintze (the "Hintze 50-h").

---

[1] The Court granted counsel leave to withdraw as counsel for Mr. Carter on March 23, 2015. *See* Dkts. Nos. 79 and 130.

2

16. Attached as Exhibit M are true copies of relevant portions of the transcript of the October 5, 2012 50-h hearing of Easton Smith (the "Smith 50-h").

17. Attached as Exhibit N are true copies of relevant portions of the transcript of the October 5, 2012 50-h hearing of Jennifer Waller (the "Waller 50-h").

18. Attached as Exhibit O is a true copy of the June 17, 2013 Complaint in this matter (Dkt. No. 1).

19. Attached collectively as Exhibit P are true copies of "Online Booking System" ("OLBS") documents provided by defendants as part of their initial disclosures in this case bearing Bates Nos. D1-D36, prepared by the following defendants related to the following plaintiffs and Mr. Carter, except to the extent that private information has been redacted for public filing:

   a. D1-D4 (the "Carter OLBS") authored by Defendant Ahmed;
   b. D5-D8 (the "Carvalho OLBS") authored by Defendant Ahmed;
   c. D9-D12 (the "Greenspan OLBS") authored by Defendant Li;
   d. D13-D16 (the "Castillo OLBS") authored by Defendant Rodriguez;
   e. D17-D20 (the "Guest OLBS") authored by Defendant Ahmed;
   f. D21-D24 (the "Hintze OLBS") authored by Defendant Li;
   g. D25-D28 (the "Sharkey OLBS") authored by Defendant Galgano;
   h. D29-D32 (the "Smith OLBS") authored by Defendant Rodriguez; and
   i. D33-D36 (the "Waller OLBS") authored by Defendant Li.

20. Attached collectively as Exhibit Q are true copies of NYPD "OLPA" Reports related to the following plaintiffs and Mr. Carter, except to the extent that NYPD officers' tax ID numbers have been redacted for public filing:

   a. D40 – the "Carvalho OLPA";
   b. D41 - the "Carter OLPA";
   c. D42 - the "Castillo OLPA";
   d. D43 - the "Greenspan OLPA";
   e. D44 - the "Guest OLPA";
   f. D45 - the "Hintze OLPA";
   g. D46 - the "Sharkey OLPA";
   h. D47 - the "Smith OLPA"; and

i. D48 - the "Waller OLPA".

21. OLPA Reports track NYPD prisoners' lodging status throughout the arrest-to-arraignment/release progress, including by noting the time prisoners are released.

22. On March 10, 2014, plaintiffs made an application for additional time within which to amend the Complaint for the purpose of adding as defendants those officers identified in the OLBS Reports provided by defendants as part of their initial disclosures. The Court granted that application on March 14, 2014. *See* Dkt. No. 18.

23. Attached as Exhibit R is a true copy of the FAC filed on March 28, 2014 to reflect those amendments. *See* Dkt. No. 20.

24. Attached as Exhibit S is a true copy of a New York City Criminal Court Complaint sworn to by Defendant Galgano related to the arrests and prosecutions of two people who are not parties to this action whom he swears in the Complaint under penalties of perjury he observed and arrested in Zuccotti Park on March 17, 2012 at the same time and location he alleges to have arrested Mr. Sharkey in the Sharkey OLBS. As seen elsewhere in these papers, Defendant Galgano denied having signed any such Complaint during his deposition. As the Complaint was not available to plaintiffs at the time of Defendant Galgano's deposition, he was not subjected to questioning about it.

25. The Complaint in Exhibit S is sworn out against Yotam Marom, lead plaintiff in the *Yotam Marom, et al. v. City of New York, et al.* 15-cv-2017 (PKC) (SN) litigation pending before this Court and designated as related to this case. A true copy of the operative July 20, 2015 First Amended Complaint in the *Marom* matter (Dkt. No. 21 in that case) is attached as Exhibit T hereto.

26. Defendants have moved to dismiss the First Amended Complaint in *Marom* (*see Marom* Dkts. 24-26), plaintiffs have filed opposition papers (*see* Dkts. 30-31), and defendants have filed reply papers (*see* Dkt. No. 46). A courtesy copy of Dkt. No. 31, the Memorandum of Law in Opposition to Defendants' Motion to Dismiss in *Marom*, will be provided along with the courtesy copies of plaintiffs' papers opposition defendants' motion for summary judgment in this case.

27. Attached collectively as Exhibit U are true copies of nine "Declination of Prosecution" forms from the Office of the District Attorney of New York County related to the following plaintiffs/defendants as well as Mr. Carter, except to the extent that NYPD officers' tax ID numbers have been redacted for public filing:

   a. D565 – Plaintiff Castillo/Defendant Rodriguez (the "Castillo DP");
   b. D566 – Plaintiff Guest/Defendant Ahmed (the "Guest DP");
   c. D567 - Plaintiff Hintze/Defendant Li (the "Hintze DP");
   d. D568 – Plaintiff Carvalho/Defendant Ahmed (the "Carvalho DP");
   e. D569 – Mr. Carter/Defendant Ahmed (the "Carter DP");
   f. D570 – Plaintiff Greenspan/Defendant Li (the "Greenspan DP");
   g. D571 – Plaintiff Sharkey/Defendant Galgano (the "Sharkey DP");
   h. D572 – Plaintiff Smith/Defendant Rodriguez (the "Smith DP"); and
   i. D573 – Plaintiff Waller/Defendant Li (the "Waller DP").

28. Attached hereto as Exhibit V are true copies of relevant portions of the October 30, 2014 Deposition of Plaintiff Alexandre Carvalho (the "Carvalho Dep.")

29. Attached hereto as Exhibit W are true copies of relevant portions of the October 2, 2014 Deposition of Plaintiff Sergio Castillo (the "Castillo Dep.")

30. Attached hereto as Exhibit X are true copies of relevant portions of the October 9, 2014 Deposition of Plaintiff Daniel Greenspan (the "Greenspan Dep.")

31. Attached hereto as Exhibit Y are true copies of relevant portions of the October 16, 2014 Deposition of Plaintiff Austin Guest (the "Guest Dep.")

32. Attached hereto as Exhibit Z are true copies of relevant portions of the October 27, 2014 Deposition of Plaintiff Thomast Hintze (the "Hintze Dep.")

33. Attached hereto as Exhibit AA are true copies of relevant portions of the October 20, 2014 Deposition of Plaintiff Joseph Sharkey (the "Sharkey Dep.")

34. Attached hereto as Exhibit BB are true copies of relevant portions of the October 29, 2014 Deposition of Plaintiff Easton Smith (the "Smith Dep.")

35. Attached hereto as Exhibit CC are true copies of relevant portions of the October 28, 2014 Deposition of Plaintiff Jennifer Waller (the "Waller Dep.")

36. Attached hereto as Exhibit DD are true copies of relevant portions of the October 8, 2014 Deposition of Defendant Michael Galgano (the "Galgano Dep.")

37. Attached hereto as Exhibit EE are true copies of relevant portions of the October 10, 2014 Deposition of Defendant Alexis Rodriguez (the "Rodriguez Dep.")

38. Attached hereto as Exhibit FF are true copies of the relevant portions of the October 15, 2014 Deposition of Jabded Ahmed (the "Ahmed Dep.")

39. Attached hereto as Exhibit GG are true copies of the relevant portions of the October 3, 2014 Deposition of Cheung Li (the "Li Dep.")

40. Attached hereto as Exhibit HH are true copies of the relevant portions of the October 24, 2014 Deposition of Frank Viviano (the "Viviano Dep.")

41. Attached hereto as Exhibit II are true copies of the relevant portions of the October 17, 2014 Deposition of Nicole Papamichael (the "Papamichael Dep.")

42. Attached hereto as Exhibit JJ are true copies of the relevant portions of the May 14, 2015 Deposition of Fior Blanco (the "Blanco Dep.")

43. Attached hereto as Exhibit KK are true copies of the relevant portions of the February 12, 2015 Deposition of Grantley Bovell (the "Bovell Dep.") in this matter.

44. Attached hereto as Exhibit LL are true copies of the relevant portions of the January 12, 2015 Deposition of Joseph Esposito (the "Esposito Dep.") in this matter.

45. Attached hereto as Exhibit MM are true copies of the relevant portions of the October 21, 2014 Deposition of Edward Winski (the "Winski Dep.") in this matter.

46. Attached hereto as Exhibit NN are true copies of the relevant portions of the May 13, 2015 Deposition of Joseph Esposito (the "Esposito Dep.") in this matter.

47. Attached as Exhibit OO is a true copy of a provision of the NYPD Patrol Guide provision produced by defendants in this litigation related to Procedure No. 213-06 - "Large Scale Arrest Processing Procedure." Under this procedure, the Incident Commander and other supervisors are responsible to ensure that any arrest teams assigned to process arrests have definite knowledge of each arrest and that arresting officers could articulate all the factual elements of the offense for which each arrest was effected.

48. Attached as Exhibit PP is a true copy of a "Rules of Engagement" document referred to in various depositions as Plaintiff's Exhibit 27.

49. Attached as Exhibit QQ is a true copy of a document bearing Bates No. D445, also referred to as Esposito 1 during Defendant Esposito's deposition.

50. Attached as Exhibit RR is a true copy of a document bearing Bates No. D1253, produced in this litigation and referred to in Mike Larkin's deposition.

51. Attached as Exhibit SS is a true copy of a January 9, 2012 letter to NYC Department of Buildings Commissioner Robert LiMandri from the New York Civil

Liberties Union and others related to complaints about restrictions imposed on access to Zuccotti Park by Brookfield Office Properties, Inc. and the NYPD.

52. Attached as Exhibit TT is a true copy of portions of the March 20, 1968 minutes of the New York City Planning Commission related to a February 16, 1968 application for a special permit made by the United States Steel Corporation related to development it hoped to engage in at what is now known as Zuccotti Park. In return for freedom from height and setback regulations that would otherwise limit the size of an office tower they proposed to build, US Steel proposed to develop the southerly block, bounded by Broadway, Liberty Street, Church Street, and Cedar Street, as a "permanent open park." It was "principally because of this public benefit that the Planning Application viewed the application with favor," approved it and submitted it to the Board of Estimate.

53. To memorialize the promises it had made to secure that permit, U.S. Steel entered into an agreement with the City of New York dated May 13, 1968. A true copy of that agreement is attached as Exhibit UU hereto. In that agreement, U.S. Steel promised, for itself, its successors, and assigns, to construct the permanent open park as shown in the approved plans, to devote the park completely to plaza use, and not to erect any structures on that area without the prior consent of the City Planning Commission. U.S. Steel also promised to comply with all Federal, State, and municipal laws, ordinances, and regulations affecting the terms and conditions of the agreement, and that it would obligate the grantee to assume and comply with all of the terms and conditions of that agreement in any conveyance it made of the premises.

54. On September 19, 2007, the City Planning Commission of the City of New York adopted resolution N 070497 ZRY, which codified rules governing the operation of public plazas in New York, including Zuccotti Park.

55. Attached as Exhibit VV is a true copy of an essay entitled "Occupying Wall Street at the public-private frontier" by Jerold S. Kayden.

56. Attached as Exhibit WW is a true copy of an email chain between NYPD Legal Bureau Assistant Deputy Commissioner Thomas P. Doepfner and Julie Lubin at the New York City Department of City Planning. The chain begins with a September 28, 2011 request for a list of "privately owned parks that require public access similar to Zuccotti" from Defendant Esposito's right-hand officer, Lt. Dennis Gannon.

57. Attached as Exhibit XX is a true copy of an email chain among Prof. Kayden and persons at City Planning including an October 18, 2011 email forwarding an October 18, 2011 *New York Times* article written by Alice Speri entitled "'No Camping' Signs Begin to Sprout" noting that signs prohibiting certain conduct had begun to appear in other privately owned public plazas. In the email chain, Prof. Kayden promised to write up a legal analysis "on the various arguments about what Zuccotti Park is."

58. Attached as Exhibit YY is a true copy of a November 2, 2011 email chain among Gabriel Taussig, Esq. and Sheryl Neufeld, Esq. of the New York City Law Department, Julie Lubin of the New York City Department of City Planning, and Angela Sung Pinsky of the Real Estate Board of New York. The email chain notes that on October 19, 2011, the Real Estate Board of New York emailed its members to continue its advocacy to ensure that all POPS owners and managers develop, post, and display prohibition in response to Occupy Wall Street, and includes a copy of the

communication. The email chain notes that there is a November 7, 2011 conference call scheduled with representatives of the Law Department and the Real Estate Board of New York, apparently related to the project of developing rules for POPS aside from Zuccotti Park in response to Occupy Wall Street.

59. Attached as Exhibit ZZ is a true copy of an October 18, 2011 document entitled "Some thoughts by JSK on the legal definition of Zuccotti Park" in which Professor Kayden concludes that "no matter what the space is, it must be open at all times."

60. For the reasons set forth herein and in the other papers submitted in opposition to defendants' motion, plaintiffs respectfully request that the Court deny defendants' motion in its entirety.

DATED:     Queens, New York
                October 27, 2015

/S/
_____
Gideon Orion Oliver
Attorney at Law
Counsel for Plaintiffs
277 Broadway, Suite 1501
New York, NY 10007
646-263-3495

cc:     All parties (by ECF)