

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

September 7, 2018

**BY ECF**
Hon. P. Kevin Castel
United States District Judge
500 Pearl Street
New York, NY  10007

     Re:     *Guest v. City of New York, et al.,* 13 CV 4174 (PKC)(SN)
               [rel. *Marom, et al. v. City of New York, et al.,*
               15-cv-2017; *Pesola v. City of New York,*
               15-cv-1917; *Allen v. City of New York*, 15-cv-1918]

Your Honor:

     I write in response to Defendants' September 6, 2018 letter-application (Dkt. 283) requesting that the Court deny Plaintiffs' application for this Court to review the costs taxed by the Clerk of the Court on July 5, 2018.

     By way of background, Defendants moved for costs against Plaintiffs on June 18, 2018  (Dkt. 275; amended application filed on June 19, 2018 at Dkt. 276). On July 3, 2018, Plaintiffs timely opposed taxation of costs. (Dkt. 277). On July 5, 2018, the Clerk taxed costs against Plaintiffs. (Dkt. 278).

     On July 12, 2018, Plaintiffs filed their application to this Court for this Court to review the Clerk's taxation of costs. (Dkt. 279). The Court transmitted a Notice of Electronic Filing ("NEF") related to the filing. July 12, 2018 was within 7 days of the taxation of costs, so the July 12, 2018 filing was timely under Fed. R. Civ. P. 54(d). *See* Fed. R.Civ. P. 54(d).

     On July 23, 2018 – 11 days later – the Clerk of the Court issued electronic notices by e-mail and on the docket stating as follows:

> ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Gideon Orion Oliver to RE-FILE Document [279] MOTION to Appeal Clerk's Decision on Taxation of Costs re: [278] Taxation of Costs,  . Use the event type Miscellaneous Relief found under the event list Motions. (ldi)**

> ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Gideon Orion Oliver to RE-FILE Document [279] MOTION to Appeal Clerk's Decision on Taxation of Costs re: [278] Taxation of Costs,  . ERROR(S): Supporting documents must be filed separately, each receiving their own document number. Declaration in Support of Motion and Memorandum of Law in Support of Motion are both found under the event list Replies, Opposition and Supporting Documents. (ldi)

Accordingly, on August 1, 2018, I re-filed the application. (Dkt. 280-282).

Notably, almost two months passed after Plaintiffs filed their original application for this Court to review the bill of costs and Defendants did not file any opposition to Plaintiffs' application. Then, yesterday, Defendants filed the present application, arguing that this Court should reject the August 1,2018 re-filing as untimely because it was filed more than 7 days after costs were taxed on July 5, 2018.

This Court should reject Defendants' application.

Defendants' argument ignores the critical fact that Plaintiffs' July 12, 2018 application to this Court for this Court to review the Clerk's taxation of costs (Dkt. 279) was timely filed under Fed.R.Civ.P. 54(d) within 7 days of the Clerk's taxation of costs.

Rule 3.1 of the ECF Rules and Instructions states that

> electronic filing of a document in the ECF system consistent with these procedures, together with the transmission of a Notice of Electronic Filing (NEF) from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55.

*See* ECF Rules and Instructions (available at http://nysd.uscourts.gov/ecf_filing.php).

> And Section 3.2 adds that "a document filed electronically is deemed  filed on the date and time stated on the Notice of Electronic Filing (NEF) from the Court." *Id.; accord id.* at § 13.12 ("An electronically filed document is deemed filed on the 'filed on' date indicated on the Notice of Electronic Filing (NEF).")

*Torres v. Ciele Partners, L.P.,* 2017 U.S. Dist. LEXIS 98451, at *11-12 (S.D.N.Y. June 26, 2017); *accord*, *Rhodes v. Davis*, 2012 U.S. Dist. LEXIS 16491, at *3 n.1 (S.D.N.Y. Feb. 9, 2012.

2

      The July 23, 2018 notice to re-file the documents did not render the initial, timely filing null and void, or untimely. Rather, it pointed up that the application would need to be re-filed in order to be properly docketed. However, the need to re-file the document did not change the fact that it was timely filed within the meaning of the Federal Rules of Civil Procedure when it was filed on the ECF system.

      Based on the foregoing, Plaintiffs' ECF-filed July 12, 2018 application was timely filed, and this Court should reject Defendants' application.

      Thank you for your attention to this matter.

      Respectfully submitted,

      /S/

      Gideon Orion Oliver

cc: All parties (by ECF)