UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALEXANDER CARAVALHO et al.,

                            Plaintiffs,                  13-cv-4174 (PKC)

     -against-                                    OPINION
                                                       AND ORDER

CITY OF NEW YORK, et al.,

                            Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          Defendants the City of New York ("City") and officers and employees of the New York City Police Department ("NYPD") are the prevailing parties in this action and were entitled to taxation of costs pursuant to Rule 54(d), Fed. R. Civ. P. Seven of the nine plaintiffs move for judicial review of the Clerk's taxation of costs.[1] For reasons explained, the motion is granted to the extent that the Court concludes that miscellaneous costs associated with deposition transcripts, including a second copy of the transcripts, and costs for copies of motion papers are not taxable pursuant to 28 U.S.C. § 1920(2) and (4). The Clerk is ordered to tax a total of $4,085.00 in costs in favor of the City. The Court otherwise denies movants' application.

BACKGROUND

          Plaintiffs brought claims for excessive force, false arrest, excessive detention, right to a fair trial, due process violations, equal protection violations, First Amendment retaliation, municipal liability, and certain New York State constitutional and common law claims arising out of their participation in an Occupy Wall Street protest in Zuccotti Park on March 17, 2012. Defendants moved for summary judgment pursuant to Rule 56, Fed. R. Civ. P., and the Court

---

[1] Eric Carter and Austin Guest do not seek review of this taxation of costs. (Compare Dkt. 20, with Dkt. 281).

dismissed all claims except claims of excessive force and common law assault and battery brought by one plaintiff, Austin Guest. See Caravalho v. City of New York, 13 cv 4174 (PKC)(MHD), 2015 WL 1274575, at *23 (S.D.N.Y. Mar. 31, 2016). The Court subsequently denied plaintiffs' Motion for Reconsideration. See Caravalho v. City of New York, 13 cv 4174 (PKC)(MHD), 2016 WL 4154273, at *3 (S.D.N.Y. July 19, 2016). Mr. Guest thereafter settled with defendants and the Court entered a Stipulation and Order of Dismissal on March 20, 2017, dismissing Mr. Guest's remaining claims against defendants with prejudice. (Dkt. 265). Six plaintiffs appealed the Court's Orders and, on appeal, the U.S. Court of Appeals for the Second Circuit affirmed this Court's Orders. See Caravalho v. City of New York, 732 Fed. Appx. 18, 24 (2d Cir. 2018) (summary order).

Defendants submitted a Bill of Costs following the Second Circuit's affirmance in the amount of $5,244.25. (Dkt. 276). The Clerk awarded defendants $312.00 in costs for exemplification and copies of papers, $20.00 for docket fees, and $4,295.85 for deposition transcripts. (Dkt. 278). The Clerk declined to award $616.40 in costs for fees claimed as additional deposition transcript disbursements. (Id.).

Plaintiffs submit several objections to the Clerk's award of costs. (July 12, 2018 Mem. of Law in Support of Pls.' Req. for Review of the Clerk's Taxation of Costs [hereinafter July 12 Mem.]). Plaintiffs claim defendants untimely filed their Bill of Costs, and ask the Court to decline to tax plaintiffs altogether in its discretion. Plaintiffs further ask the Court to grant relief to a named party who has not petitioned the Court to review costs, Eric Carter. Finally, plaintiffs object to the award of $688.85 in costs for Mr. Guest's deposition transcript, $312.00 in costs for copies of certain motion papers, and costs for additional transcript copies, miniscripts, and court reporter fees reflected on deposition transcript receipts submitted by defendants. (Id.).

DISCUSSION

    I.    Legal Standard

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Where an unsuccessful litigant appeals the Clerk of the Court's award of costs, the district court reviews the award de novo." Balance Point Divorce Funding, LLC v. Scrantom, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (quoting Karmel v. City of New York, 00-cv-9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008)). "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001). 28 U.S.C. § 1920 lists the following as taxable costs: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case;" (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case;" (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters.

"Local Civil Rule 54.1 further outlines those costs which are taxable in the Southern District of New York." Balance Point Divorce Funding, 305 F.R.D. at 70 (quoting Karmel, 2008 WL 216929, at *1)). "Local Civil Rule 54.1 governs to the extent that the Local Rule addresses a particular cost; however, if the Local Rule does not speak to a specific cost, the Court must apply 28 U.S.C. § 1920's more expansive standard." Id. Because taxing costs "is the rule, not the exception, 'the losing party has the burden to show that costs should not be imposed.'" Hockeyline, Inc. v. STATS LLC, 13 cv 1446 (CM), 2017 WL 143022, at *7 (S.D.N.Y. Apr. 27, 2017) (quoting Whitfield, 241 F.3d at 270)).

II. Timeliness

Plaintiffs first object to the taxation of costs on the grounds of timeliness. Local Civil Rule 54.1(a) provides that "[w]ithin thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, . . . any party seeking to recover costs shall file with the Clerk a notice of taxation of costs." It further states that "[a]ny party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs." Id. The mandate of the Second Circuit was entered on the Second Circuit's docket on May 16, 2018. See Guest v. City of New York, 17cv1944, Dkt. 82 (2d Cir. May 16, 2018.) It was filed on the docket in the Southern District of New York on May 16, 2018, but not entered on the docket until May 17, 2018. (See Dkt. 272). Defendants filed their bill of costs on June 18, 2018. Plaintiff asserts that, counting from the date of May 16, 2018, when the mandate issued, was entered on the docket of the Second Circuit, and was filed on the docket for the district court, defendants were one day late in their filing, and should have filed their Bill of Costs by June 15, 2018.[2]

"The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995). "The directive in Local Rule 54.1 does not purport to interfere with that discretion." Howell v. NYC Leadership Academy, Inc., 05 cv 8233 (JGK), 2008 WL 5336891, at *2 (S.D.N.Y. Dec. 20, 2008); see D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 108 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local

---

[2]Plaintiffs do not contest that the application would be timely filed if counted from May 17, 2018. (July 12 Mem. at 6). Counting from May 17, 2018, the thirty-day limit would fall on June 16, 2018, which was a Saturday, and defendants would have until Monday, June 18, 2018 to submit the application. See Local Civil Rule 6.4 ("In these Local Rules, as in the Federal Rules as amended effective December 1, 2009, Saturdays, Sundays, and legal holidays are no longer excluded in computing periods of time. If the last day of the period is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

rules, and [n]othing in the Civil Rules of the Southern District requires a court to punish a party for noncompliance.") (internal quotation marks and citation omitted) (alteration in original). Assuming arguendo that the bill of costs was filed one day late, the Court declines to vacate or revise the cost assessment based on timeliness.[3]

III. Discretion to Decline to Tax Plaintiffs

Plaintiffs next ask the Court to waive or revise costs based on the public importance of the case, the plaintiffs' financial hardship, or good faith in bringing the action. Plaintiffs argue that seven of them have income less than or near the federal poverty level, (July 12 Mem. at 8), and that in general cases invoking federal civil rights are of great public importance to "establish the constitutional bounds of government conduct," (id. at 9). While "the public importance of the case," "the losing party's limited financial resources," and the good faith of plaintiffs are all discretionary factors a Court may consider, Whitfield, 241 F.3d at 270; see id. at 272, a Court is not required to adjust or deny costs based on any of these reasons, see, e.g., id. at 272-73 ("[G]ood faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs . . . ."); id. at 273 ("There is also widespread agreement among the courts of appeals that indigency per se does not preclude an award of costs . . . ."); cf. Ahmad v. East Ramapo Cent. Sch. Dist., 09 cv 1440 (CS), 2018 WL 3222543, at *3 (S.D.N.Y. July 2, 2018) (rejecting application to deny costs based on hardship, public importance of the case, and good faith of the litigants). Having considered plaintiffs' arguments in light of the "general obligation to pay" costs to the

---

[3] The Court notes, however, that counting the thirty-day filing for taxation of costs from the date an appellate mandate is entered on the district court's docket sheet, such that defendants' motion would be timely filed, is consistent with precedent in this Circuit. See, e.g., Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 92 n.12 (2d Cir. 2003) ("[T]he date that we construe as memorializing the date on which judgment [of an appeal] was entered an executed is the date on which judgment was entered on the docket of the district court."); Houston v. Greiner, 174 F.3d 287, 288 (2d Cir. 1999) (defining the entry of judgment date for purposes of post-judgment motions as the explicit date of entry if included in an electronic notation and stating that "[t]he 'entry' date is not necessarily the same date that the judgment is dated, i.e., signed by the judge or court clerk, nor the same date that it is filed, i.e., date and time-stamped as officially received by the clerk's office, thereby then formally becoming part of the clerk's office file").

prevailing party, Hickey v. City of New York, 241 F.R.D. 150, 154 (S.D.N.Y. 2006), the Court declines to reduce or deny costs based on indigency, good faith, or the public importance of the case.

IV. Taxation of Costs as to Eric Carter

Plaintiffs state that it is improper to assess costs against Mr. Carter because "[t]he record reflects that [d]efendants did not put Mr. Carter on notice that [d]efendants would be seeking to tax costs against him by serving Mr. Carter with" the Bill of Costs. (July 12 Mem. at 15). However, counsel for the seven plaintiffs bringing this Request for Review of the Clerk's Taxation of Costs concedes that he "does not represent Eric Carter." (Id.). Counsel formerly represented Mr. Carter, (see Dkt. 80), but withdrew from representing him on March 23, 2015. (Dkt. 130). Counsel for other parties have no authority to request review of costs assessed against Mr. Carter.

V. Taxation of $688.65 for Mr. Guest's Transcript

Plaintiffs argue that the Court should not award $688.65, the cost of the deposition and transcript of Mr. Guest, to the City because the City is not a "prevailing party" with respect to Mr. Guest. (July 12, 2018 Mem. at 11). Several of Mr. Guest's claims were dismissed on summary judgment; the remaining claims were dismissed with prejudice in a March 21, 2017 Stipulation and Order of Dismissal "per the terms of the settlement agreement reached between the parties." (Dkt. 265). The settlement agreement stated that the "action, in which only plaintiff Austin Guest's claims remain, is hereby dismissed . . . without costs . . . except as specified in paragraph 2." (Dkt. 266 at 1). Paragraph 2 of the Settlement Agreement states that the City "agrees to pay plaintiff Austin Guest the sum of Seven Thousand ($7,000.00) Dollars in full satisfaction of all of plaintiff Guest's claims, including his claim for costs . . . ." (Id. at 2).

The Court agrees that the City is not a prevailing party with respect to Mr. Guest. A settlement agreement "receive[s] sufficient judicial sanction to justify considering plaintiffs prevailing parties . . . ." Roberson v. Giuliani, 346 F.3d 75, 83 (2d Cir. 2003) (emphasis added). However, the City does not seek to tax costs as against Mr. Guest; rather, it seeks taxation of costs against the other eight plaintiffs. (See Am. Notice of App. for Costs at 1). Thus, the pertinent question is whether Mr. Guest's deposition was "used by the Court in ruling on [the] motion for summary judgment" as to the other eight plaintiffs. Local Civil Rule 54.1(c)(2).

The Second Circuit has explained that "the word 'use' extends well beyond explicit reliance on the deposition as a basis for decision." Whitfield, 241 F.3d at 271. "The filing of a deposition transcript necessarily means a court will use it" in ruling on a motion for summary judgment. Id. So long as an individual "played a role generally in the events that led to the dispute, and his testimony provided some useful background," that individual's deposition and transcript that have been filed with the Court may be taxed as costs. DiBella v. Hopkins, 407 F. Supp. 2d 537, 541 (S.D.N.Y. 2005); see In re Omeprazole Patent Litig., M-21-81 (BSJ), 00 cv 6749 (BSJ), 03 cv 6057 (BSJ), 2012 WL 5427849, at *3 (S.D.N.Y. Nov. 7, 2012) (taxing costs for depositions transcripts submitted where "the claims and defenses of each defendant in the litigation were inextricably intertwined" such that it was "practically impossible" to divide testimony into portions attributable to individual defendants).

The Court agrees with the taxation of costs for Mr. Guest's deposition and transcript against the remaining plaintiffs. Mr. Guest's testimony provided background and statements relating to the events in question that were common to all plaintiffs. (See Dkt. 182-11). Moreover, several of the claims brought by the eight moving plaintiffs were inextricably intertwined with claims of Mr. Guest's such that Mr. Guest's testimony aided the Court in its ruling on summary

judgment in favor of defendants. (See First Am. Compl. at 23-28). Plaintiffs are properly taxed costs for Mr. Guest's deposition and transcript.

VI. Taxation of $312.00 for Copies of Motion Papers

Plaintiffs challenge the taxation of costs in the amount of $312.00 for two copies of defendants' Motion for Summary Judgment, Reply Memorandum of Law in Support of their Motion for Summary Judgment, Counter Statement to Plaintiffs' Rule 56.1 Statement of Additional Facts, and Counter Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration. (July 12 Mem. at 12-13).

Defendants request taxation of these copying costs pursuant to Local Civil Rule 54.1(c)(5) and state that these copies were "served and filed with the Court" on various dates. (Aff. of Amy Robinson in Supp. of the City's App. for Costs [hereinafter Robinson Aff.] at 6-7).

Local Civil Rule 54.1(c)(5) states in relevant part that "[a] copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable." Defendants have not shown that copies of their motion papers were received in evidence or that the original was not available. All submissions that were copied were docketed electronically on ECF. (See Dkts. 181, 211, 212, 216). Even if additional copies are required by the Court's individual practices, "this is for the convenience of the Court." Hogan v. Novartis Pharm. Corp., 06 260 (BMC), 2012 WL 5898473, at *5 (E.D.N.Y. Nov. 20, 2012); see Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A., 285 F.R.D. 225, 238 (E.D.N.Y. 2012) (rejecting copying submissions that were not shown to be "necessarily obtained"); see also In re Omeprazole Patent Litig., 2012 WL 5427791, at *3-4; AIG Global Sec. Lending Corp. v. Banc of America Sec. LLC, 01 cv 11448(JGK), 2011 WL 102715,

at *2 (S.D.N.Y. Jan. 6, 2011) (similar). Accordingly, the Court declines to award this cost of $312.00 to the City.

VII. Deposition Transcript Fees Beyond an Original and One Copy

Finally, plaintiffs contend that the Court should deny defendants' request for costs of a second copy each of plaintiffs' deposition transcripts, along with "deposition-related costs such as appearance fees, 'mini-scripts', CD's, 'W.I.' additional transcript pages, and other, similar charges." (Dkt. 279-9 at 20-21).[4]

Local Civil Rule 54.1(c)(2), entitled "Depositions," states, in relevant part,

> Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable.

"Even where the cost of a deposition transcript will be taxable under these standards, certain associated fees that are not necessary generally may not be taxed-for example, . . . appearance fees, and rough diskettes . . . ." India.com, Inc. v. Dalal, 02 cv 0111(DLC), 2010 WL 2758567, at *2 (S.D.N.Y. July 13, 2010) (quoting Farberware Licensing Co. LLC v. Meyer Mktg. Co., 09 cv 2570(HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 209)); see id. at 3 (denying taxation of costs for minuscripts, appearance fees, additional copies of transcripts beyond the original one plus copy, and discs); see also 28 U.S.C. § 1920(2) (allowing costs taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case").

---

[4] Apart from challenges to taxation of costs for the transcript of the entirety of Mr. Guest's deposition, see supra Section V, plaintiffs do not otherwise challenge the award of fees to the City for original and first copy deposition transcripts. (July 12 Mem. at 15). Plaintiffs do contest defendants' proposed unit cost per original page, quoted at $3.65 per page, and cost per copy, quoted at $0.10 per page. (Id. at 17-18). The Court finds the proposed costs per page reasonable. See Hogan, 2012 WL 5898473, at *3 (stating cost for an original and one copy of a deposition often "runs anywhere from $3.25 per page to approximately $5.75 per page").

Regarding fees for transcripts, the City requested taxation of transcript costs for eight depositions, costs for each of which are submitted as the total reflected on invoices from Diamond Reporting, Inc., "the court stenographer for the plaintiff's depositions." (Robinson Aff. at 6). The invoices reflect charges for an original and two copies of each transcript, along with appearance fees, "CD" and "mini-script" fees. (Am. Notice of App. For Costs Ex. C). The page count for each deposition also includes a small number of pages categorized as "W.I."[5] (Id.). The City argues that its contract with Diamond Reporting, Inc. "included the requirement that Diamond would furnish two copies of the transcript," such that "the second copy of the transcripts was not obtained at an additional cost." (Robinson Aff. at 6). The City makes no further argument with respect to the additional fees for the costs of CDs, mini-scripts, appearance fees, or W.I. pages reflected on the invoices.

While "[t]his Court acknowledges that it has discretion to grant costs for any or all of the transcripts [or additional costs related to depositions], as reflected in the language '[u]nless otherwise ordered by the Court . . . ,'" Balance Point Divorce Funding, 305 F.R.D. at 77 (quoting Local Civil Rule 54.1(c)(2)), the Court agrees with plaintiffs that additional costs for a second copy of deposition transcripts and associated CDs, mini-scripts, "W.I." pages, and appearance fees should not be taxed. There is no evidence that the second copies of the transcripts were used on any motion or response to a motion. In addition, plaintiffs have not argued that appearance fees, mini scripts, CDs, or "W.I." pages were necessarily obtained for use in the case here. Even if the contract the City had with its stenographers required the City to pay for an original and two copies of each transcript, the cost of the second copy does not fall within the statutory requirement of a

---

[5] "W.I." most likely refers to word index pages accompanying a transcript. See, e.g., Porter v. City of Chicago, 6C 7165, 2014 WL 3805681, at *3 (N.D. Ill. Aug. 1, 2014) (discussing "word indexes" as non-recoverable costs); Angevine v. WaterSaver Faucet Co., 02C 8114, 2003 WL 23019165, at *4 (N.D. Ill. Dec. 23, 2003) (collecting cases disallowing taxation of costs for word index pages).

fee "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Such a decision comports with the Supreme Court's directive that taxable costs embody a "narrow scope." Taniguichi v. Kan Pac. Saipan, Ltd., 556 U.S. 560, 573 (2012); see id. ("Taxable costs are a fraction of the nontaxable expenses borne by litigants and attorneys . . . . It comes as little surprise, therefore, that 'costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.'") (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2666 at 203 (3d ed. 1998)).[6]

CONCLUSION

Beyond the aforementioned claims, plaintiffs do not dispute further elements of the Clerk's taxation of costs. Upon this Court's de novo review, the Court holds that plaintiffs should not be taxed for (1) copies of the City's Motion for Summary Judgment, Reply Memorandum of Law in Support of their Motion for Summary Judgment, Counter Statement to Plaintiffs' Rule 56.1 Statement of Additional Facts, or Counter Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration; or (2) the second copy of each deposition transcript, appearance fees, miniscripts, and W.I. pages. The Clerk is Ordered to modify the taxation of cost award to the total amount of $4,085.00. The $4,085.00 amount reflects the $20.00 docketing fee under 28 U.S.C. § 1923, and the following totals for the original and one copy of each of the plaintiffs' deposition transcripts: Sergio Castillo: $322.50; Daniel Greenspan: $393.75; Austin Guest: $577.50; Joseph Sharkey: $378.75; Thomas Hintze III: $397.50; Jennifer Waller: $528.75; Easton Smith: $873.75;

---

[6] It appears that the Clerk of Court's $616.40 deduction in taxation from defendants' original submission attempted to disallow costs for all of these expenses except the W.I. pages. (See Dkt. 278 at 12-19) (amending costs by hand to discount all appearance, CD, and miniscript fees, and subtracting total page count multiplied by the cost of copying ($0.10) to subtract the second copy of deposition transcripts). The Court reaches this conclusion because four of the seven deposition transcript invoices have handwritten notations that equal the sum of resulting from this calculation, and the handwritten individual totals on the right-side margin of each invoice sums to the total cost taxed for all deposition transcripts. Three of the handwritten totals have minor discrepancies from the true results of completing the calculation explained above based on the stated number of pages. (See Dkt. 278 at 12, 13, 16).

and Alexandre Caravalho: $592.50.[7] The Clerk is respectfully directed to terminate the motion. (Doc. 280.)

Plaintiffs' request for additional modifications to the taxation of cost is DENIED.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
October 26, 2018

---

[7] These amounts were calculated by multiplying the stated page total per invoice (not including W.I. pages) by the print cost per page for each original ($3.65), and adding this number to the product of the stated page total per invoice (not including W.I. pages) and the cost for copying per page ($0.10).